## Union National Bank v. Edward Hines.

1. PRACTICE—*A Party Can Not Shift His Ground and Obtain Another Hearing for Purposes of Making a New Case.*—If a party neglects to present a certain defense upon a former trial, and elects to ground his defense upon other matters, he can not afterward shift his ground and obtain another hearing for the purpose of making a new case.

**Bill for Injunction.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed March 26, 1900.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for appellant.

MORAN, KRAUS & MAYER, attorneys for appellee.

OPINION PER CURIAM.

This cause has been before this court upon a former appeal, and it was adjudged that the decree then appealed from be reversed, and the cause was remanded, with directions to the court below "to enter a decree in accordance with the prayer of the original bill." For the facts of the case and the pleadings, we refer to the opinion of this court, reported in 69 Ill. App. 518. An appeal was had to the Supreme Court from the decision of this court, and the judgment of this court was affirmed. 177 Ill. 417.

The cause was thereupon remanded to the Superior Court to follow the mandate of this court. Proceedings were then had in the Superior Court, which resulted in the decree now appealed from.

We have but one inquiry in reviewing this decree, viz.: Has the Superior Court followed the mandate? It is strenuously contended by counsel for appellant that the Superior Court erred in following the mandate in that it failed, in fixing the amount of the decree, to consider that the amount actually paid out by appellee upon his guaranty in question was but $1,000; and in that the court also failed, in fixing the amount, to deduct the amount of the guaranteed notes for which a consideration had failed.

We are of opinion that both of these contentions are disposed of by the former adjudication.

As to the extent of the liability of Hines, appellee, upon his guaranty, this court, speaking through Mr. Presiding Justice Shepard, said:

"We think it was immaterial that Hines had not yet discharged his guaranty. He was still liable on his contract of guaranty, and it was against that liability that the $15,000 note was security, and for the amount thereof he was entitled to a set-off."

This view was apparently approved by the Supreme Court.

The question of the failure of any part of the consideration was either raised, or could have been under the pleadings and issues of the former trial. If appellant neglected to present such defense upon the other trial, and chose to ground its defense there solely upon other matters, it is now too late to shift its ground and obtain another hearing for the purpose of making a new case.

It is not suggested that the trial court failed in any other particular to follow the mandate of the reviewing court.

The decree is affirmed.